**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

IMARHIAGBE UWAGBOE,
Petitioner-Appellant,

v.

DON CROCETTI, Director,
Immigration & Naturalization
Service,
Respondent-Appellee.

No. 95-2838

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
M. J. Garbis, District Judge.
(CA-94-2952-MJG)

Argued: January 27, 1997

Decided: March 18, 1997

Before HALL and MICHAEL, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Lloyd Felix Ukwu, UKWU & ASSOCIATES, CHAR-
TERED, Washington, D.C., for Appellant. Michelle Arlene Gluck,
Office of Immigration Litigation, Civil Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** Frank W. Hunger, Assistant Attorney General, Stephen W.

Funk, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Imarhiagbe Uwagboe, a citizen of Nigeria, appeals the district court's order denying his petition for a writ of habeas corpus. We affirm.

I

Uwagboe attempted to enter the United States on August 25, 1993, and was detained by immigration officials at JFK Airport in New York. He admitted excludability at his first appearance before the Immigration Judge (IJ) on May 4, 1994, and was granted a continuance to allow him to file an application for asylum. His counsel agreed to a trial date for the following August 19.

Uwagboe appeared without counsel for the trial and explained that his lawyer had another case "somewhere else." The IJ then discovered a motion for a continuance that had been filed two days earlier by Uwagboe's counsel. The motion cited a conflict with a settlement conference in a District of Columbia court that had been scheduled on July 8, 1994. The IJ denied the continuance on the ground that the motion was untimely filed under local rules and that the matter in the other court was set two months after counsel had notice of the date for the asylum trial.

Uwagboe then had his trial. His asylum application, which had been prepared by his lawyer, was admitted as the only exhibit. He tes-

2

tified that he was a student leader involved in protests against the government in his native Nigeria and that he had been arrested and physically mistreated on two occasions in mid-1993. Believing that he was wanted by the authorities, he bought a fake green card and travelled to the United States in August 1993. He was cross-examined about discrepancies among his testimony, his asylum application, and a signed statement given to INS officials when he was first detained in New York.

The IJ denied the application for asylum and ordered Uwagboe excluded and deported from the United States. The IJ noted the lack of any corroborative evidence regarding Uwagboe's prior arrests, his status as a student leader, or his assertion that he was wanted by the authorities. Recognizing that such evidence is often unavailable to an alien professing a fear of persecution in his native land, the IJ also found "numerous inconsistencies" between his testimony and his application, particularly with regard to dates and places of arrests.

Uwagboe was given until August 29, 1994, to file an appeal to the Board of Immigration Appeals (Board or BIA). See 8 C.F.R. § 3.31(c) (1994) (notice of appeal must be filed within period set by IJ). Instead, on August 25, claiming that he had newly discovered evidence in support of the asylum claim, Uwagboe's counsel filed a motion with the IJ to reopen the proceedings. This new evidence, however, was in no way described in the motion. Counsel did attach several documents regarding a scheduling conflict that prevented him from appearing at the August 19th asylum hearing; the conflict described, however, differed from the one cited in the motion for a continuance that was denied by the IJ at the August 19th trial. This motion to reopen was denied on September 13, 1994, and Uwagboe filed a notice of appeal to the Board ten days later.

On March 2, 1995, the Board dismissed the appeal to the extent that it sought review of the IJ's August 19, 1994, decision on the merits, because the notice of appeal was filed after the ten-day appeal period had expired. With regard to the timely appeal of the IJ's September 23rd order denying the motion to reopen, the Board ruled that the IJ did not abuse his discretion in denying the motion to continue and, moreover, that the lack of counsel at the August 19th hearing did

3

not materially affect the outcome of the case. Accordingly, the appeal of the IJ's August 25th order was dismissed as well.

In November 1994, while his appeal was pending before the Board, Uwagboe filed a petition for a writ of habeas corpus in the federal district court in Maryland. In the interest of judicial economy, the district court permitted Uwagboe to amend the habeas petition after the Board's decision was issued to include a challenge to the Board's refusal to reopen asylum hearings to allow him to supplement the record with new evidence. See 8 U.S.C.A. § 1105a(b) (West 1970) (habeas proceeding is the sole means of obtaining judicial review of a final order of exclusion). Included with this amended petition was new evidence consisting of lengthy newspaper accounts of the Nigerian government's recent crackdown on dissidents and Nigerian court documents dated February 28, 1995, concerning the arrest and detention of Uwagboe's brother. One of these documents was an affidavit prepared by Uwagboe's mother in which she asserts that the government authorities are searching for Uwagboe because he is accused of being trained "for military activities against the government." All the documents bear a seal from a "State High Court."

The matter was referred to a magistrate judge for a report and recommendation. On July 19, 1995, the magistrate judge issued a report in which he found no abuse of discretion by the Board in refusing to reopen the asylum proceedings. The new evidence submitted with the amended habeas petition was not considered because it had not been previously submitted to the Board. The district court adopted the report on September 18, 1995.

On October 17, 1995, Uwagboe filed a "Petition for Review" of the Board's "final order of deportation" and of the district court's September 18th order denying the habeas petition. On February 27, 1996, we dismissed the petition as untimely to the extent it purported to seek review of the Board's March 2, 1995, order. See 8 U.S.C.A. § 1105a(a)(1) (West Supp. 1995) (petition for review must be filed within 90 days of the issuance of the final deportation order). We construed the petition for review as a timely appeal of the district court's order.

4

II

Denials of habeas petitions are reviewed de novo . See Chen v. Carroll, 48 F.3d 1331, 1338 (4th Cir. 1995). The Board's decision to refuse to reopen Uwagboe's deportation proceedings is reviewed for abuse of discretion. See M.A. v. I.N.S., 899 F.2d 304, 307 (4th Cir. 1990) (en banc). In the absence of any attempt to introduce new evidence before the IJ or the Board, our task essentially involves whether the IJ abused his discretion in refusing to continue the August 19, 1994, asylum trial.

Uwagboe's motion to reopen contained nothing new beyond an explanation of a purported typographical error by his counsel's secretary that affected only one insubstantial evidentiary aspect of his asylum claim. Instead of offering new evidence or an explanation of the discrepancies that led the IJ to deny the asylum request, his motion focused on the IJ's refusal to continue the hearing to allow his lawyer to appear.

The Board adequately discussed why this refusal would not merit reopening. First, the continuance motion was untimely and was not served on opposing counsel; local rules require that such a motion be filed at least fifteen days prior to the hearing. Second, the reason given on the initial written motion for continuance-- a previously scheduled settlement conference in a civil action-- differed from the reason given in the reopening motion -- a bond hearing in a criminal matter in federal district court. Third, the IJ found, and the Board agreed, that the absence of counsel did not materially prejudice Uwagboe's case for asylum. While we are not prepared to unequivocally state that competent counsel would not have been able to explain the apparent discrepancies in Uwagboe's case, we are unable to find that the Board abused its discretion in refusing to reopen. See I.N.S. v. Abudu, 485 U.S. 94, 110 (1988) (petitions to reopen are disfavored).

III

At its core, Uwagboe's habeas petition and this appeal are attempts to obtain consideration of evidence that only came into being after the Board had rendered its final decision. If genuine, this evidence, par-

ticularly the court documents and Uwagboe's mother's affidavit, offer powerful corroboration of Uwagboe's claim that he is in mortal danger should he return to Nigeria. During oral argument and in a supplemental submission to this court, the I.N.S. has pointed out that the proper means of bringing new evidence in support of an asylum request is through a motion to reopen filed with the Board. The relevant regulation, 8 C.F.R. § 3.2, currently provides in pertinent part as follows:

> (c) Motion to Reopen. (1) A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material. . . . A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing[.]

There are numerical and time limitations to such motions that may apply to Uwagboe unless the new evidence he seeks to offer in support of his asylum claim is "based on changed circumstances arising in the country of nationality." See 8 C.F.R. § 3.2(c)(2)-(3) (1996).* Nevertheless, the regulations are clear as to how to go about bringing new evidence before the Board, and Uwagboe would be well advised to adhere to the proper procedure if he has not already done so.

AFFIRMED

_____
*Effective April 1, 1997, these regulations are codified in the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208 § 304(a)(3), 110 Stat. 3009 (1996).

6